IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER OSBORN, #268577            *
       Plaintiff,
   v.                              *   CIVIL ACTION NO. AW-12-560

SECRETARY GARY MAYNARD          *
       Defendant.
                                ***

**MEMORANDUM**

For the second time in three months, on February 24, 2012, Roger Osborn, an inmate at the Maryland Correctional Institution in Jessup, filed a Motion to Reopen the class action of *Carter v. Kamka*, Civil Action No. K-72-642[1] and Issue Writ of Prohibition.[2] (ECF No. 1). Osborn has also filed several motions seeking indigency status, appointment of counsel, and other miscellaneous relief. In his Motion to Reopen he claims that that the legal services program available to Division of Correction ("DOC") inmates is inadequate and he is entitled to the reopening of *Carter*. Osborn also alleges that criminal fraud and a conflict of interest exist due to the actions of and relationship between the Maryland Department of Public Safety and Correctional Services and Prisoner Rights Information System of Maryland ("PRISM").[3] The Motion has been construed as a 42 U.S.C. § 1983 civil rights complaint raising an access-to-courts claim under both the First and Fourteenth

---

[1] In *Carter* this Court held that legal assistance provided by the State to Maryland prisoners through various prisoner assistance and public defender programs met constitutional access-to-courts requirements.

[2] In December 2011, Osborn filed similar papers. *See Osborn v. Maynard*, Civil Action No AW-11-3653 (D. Md.) The case was summarily dismissed on January 4, 2012.

[3] Osborn claims that PRISM staff has falsely responded to his correspondence by holding themselves out as PRISM's lead attorney. (ECF No. 1).

Amendments. *See Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."); *see also Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) ("The right of access to the courts… is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). For the following reasons, Osborn's indigency motion will be granted.[4] The Complaint shall, however, be dismissed without prejudice.

Federal law regarding a prisoner's access to court and lawyers has evolved since the decision of *Carter v. Kamka*, 515 F.Supp. 825 (D. Md. 1980) (no right to library because of availability to adequate legal assistance program) and *Bounds v. Smith*, 430 U.S. 817 (1977) (state must affirmatively provide prisoners with either law libraries or persons trained in law to prosecute both post-conviction proceedings and civil rights actions). In the controlling case of *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that an inmate cannot establish a Fourteenth Amendment access-to-courts deprivation unless he can show that the official "interference" hindered his efforts to pursue a legal claim and that he experienced an actual injury from the deprivation.[5] *Id*. at 351-352; *see also Giarratano v. Johnson*, 456 F.Supp.2d 747, 752 (W.D. Va. 2006). This standard applies here.

---

[4] Osborn also filed a Motion for Order for *In Forma Pauperis* payment. He claims that he has the money to remit the "$150.00" civil filing fee. (ECF No. 2). This Motion will be denied as moot. With the summary dismissal of this case Osborn shall not be required to pay the statutory **$350.00** filing fee set out under 28 U.S.C. § 1914.

[5] *Lewis* held that the right of access extends only to suits attacking sentences and challenging conditions of confinement. *See Lewis*, 518 U.S. at 356.

Osborn alleges that PRISM provides inadequate legal assistance. His factual allegations show no actual *constitutional* insufficiencies. He has not constructively shown that his ability to prosecute a civil rights or habeas corpus claim has been effectively impeded.[6] Osborn has failed to show a Fourteenth Amendment deprivation due to alleged fraud and conflict of interest. His Complaint will be dismissed.[7] A separate Order follows.[8]

Date: March 6, 2012                              /s/
                                         Alexander Williams Jr.
                                         United States District Judge

---

[6] Osborn specifically claims that the relationship between PRISM and the Department of Public Safety and Correctional Services has impeded his ability to file and proceed with a writ of mandamus. The Court finds his claim without factual merit.

[7] In light of the *sua sponte* dismissal of this action, Plaintiff shall not be ordered to comply with the requirements of 28 U.S.C. § 1915 under the Prison Litigation Reform Act.

[8] Osborn requests the appointment of counsel in light of purported fraud committed on the part of PRISM. (ECF No. 4). He also requests that the U.S. Department of Justice conduct an investigation into his allegations. (ECF No. 3). Finally, he asks that the Office of the Maryland Attorney General be prohibited from acting as Defendant's attorney. (ECF No. 5). His requests shall be denied in light of the conclusory factual allegations in the Complaint, the standard of review for appointment of counsel in this circuit, and the dismissal of this case.